United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JACOB NOEL ENCALADE,
Plaintiff,
v.
SAN FRANCISCO COUNTY JAIL,
Defendant.

Case No. 26-cv-05525-HSG

**ORDER OF DISMISSAL**

Plaintiff, who is currently incarcerated at San Francisco County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. Complaint**

In the caption of the form complaint, the defendant is identified as San Francisco County Jail; however no defendants are listed in Section II. The complaint alleges the following. A year ago, Plaintiff was involved in an altercation with Loyd Volasquez in CJ2 in a pod. Immediately afterwards, Plaintiff was blinded by an entire can of mace while of the floor. Plaintiff could not see but could make out one person, Sergeant Ibarra. Plaintiff was also assaulted so cruelly that he suffers permanent shoulder and spinal issues, and is now medicated for all of it. Medical files will document the above. Plaintiff filed a DPA complaint that was illegally dismissed without proof verifying the dismissal. Plaintiff is unable to mitigate or receive acclaimed mail. Plaintiff is mentally handicapped and therefore in dire need of counsel to represent him. Plaintiff is "re-addressing these issues." The civil courts dismissed his case under fraudulent claims. Plaintiff has "furnish . . . all mail from 5 lawsuits verifying the reason for dismissal is fraudulent." Plaintiff requests $2.5 million in damages for his pain and suffering, and inability to work due to the injuries suffered. C No. 25-cv-10192 previously addressed these issues. Dkt. No. 1.

**C. Dismissal of Complaint as Duplicative**

The Court DISMISSES this action as duplicative of C No. 25-cv-10192 HSG, *Encalade v. San Francisco Cty Jail* ("*Encalade I*") as Plaintiff states that *Encalade I* previously addressed the claims raised in this action. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d



United States District Court
Northern District of California

1019, 1021 (5th Cir. 1988). Further, an *in forma pauperis* complaint that merely repeats pending claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. Dismissal is with prejudice because amendment would be futile. *Plumeau v. Sch. Dist. #40, Cty of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

**CONCLUSION**

For the reasons set forth above, the Court DISMISSES the complaint with prejudice. Judgment is entered in favor of Defendant and against Plaintiff. The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: 7/27/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge